**NATIONAL ELEVATOR INDUSTRY WELFARE PLAN, et al., Plaintiffs,**

v.

**VIOLA INDUSTRIES, INC., et al., Defendants.**

Civ. A. No. 84–2286–S.

United States District Court, D. Kansas.

May 6, 1987.

John P. Hurley, Linda Kay Knight, Herman M. Shaffer, Jolley, Walsh, Hager & Gordon, Kansas City, Mo., Joseph P. Boyle, O'Donoghue & O'Donoghue, Philadelphia, Pa., Thomas M. Mullinix, Evans, Mullinix and Jarczyk, Kansas City, Kan., for plaintiffs.

Richard D. Anderson, Jeffrey A. Chanay, Entz, Anderson & Chanay, Topeka, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court to determine the amount of contribution to which plaintiff plans are entitled and the amount for which defendants are liable. A hearing was held on February 27, 1987, wherein the court heard defendants' objections to the auditor's report. At the conclusion of the hearing, the court instructed the parties to submit briefs. The court is now in receipt of said briefs and is prepared to rule.

Before addressing the specific amounts disputed, the court must determine the effect that the recent decision rendered by the National Labor Relations Board [hereinafter "NLRB"] in *Deklewa and International Assoc. of Bridge, Structural and Ornamental Iron Workers, Local 3, AFL–CIO,* No. 6–CA–16819 (N.L.R.B., *unpublished,* Feb. 20, 1987), has on our earlier ruling. The decision in *Deklewa* presents a sharp departure from precedent relied on in the Court's Memorandum and Order filed on April 30, 1986. This court, at first glance, questioned whether the law enunciated in *Deklewa* should be applied retroactively to the issues raised in our case. The NLRB answered this question. "The Board's usual practice is to apply new policies and standards 'to all pending cases in whatever stage' (citations omitted).... Such a balancing test applied here leads to the conclusion that the Board's usual practice of retroactive application is appropriate." *Deklewa,* N.L.R.B. slip op. at 40–41. The court therefore finds that it must reexamine its Memorandum and Order filed on April 30, 1986, and modify its order to conform to the recent ruling of the NLRB. The court will now examine the time periods in question as outlined in defendants' objection.

## JULY 18, 1979 THROUGH JULY 8, 1982

In defendants' memorandum in opposition to plaintiffs' audit report filed on March 19, 1987, the defendants make no argument as to the accuracy of the number of hours identified by the auditor for the period of time from July 18, 1979 through July 8, 1982, with the exception of the hours reflected by the amount $293.60. Defendants dispute the amount of $293.60 owed as they claim Terry Skinner was a probationary employee. After reviewing the record, the court finds that the auditor's report correctly computed the contributions due for this period of time. The court finds that defendants have not met their burden of establishing that there was conclusive evidence to support their claim that the auditor's inclusion of Terry Skinner was erroneous. *See Thompson v. Kerr–McGee Refining Corp.,* 660 F.2d 1380, 1388 (10th Cir.1981). In conclusion, the court finds that the defendants shall be liable for the total amount of $4,748.89 for the period of July 18, 1979 through July 8, 1982.

## JULY 8, 1982 THROUGH DECEMBER 14, 1982

Defendants contend that the decision in *Deklewa* mandates that there is no basis for imposing liability on the defendants for this period of time. Defendants argue there was no contract in effect during this period. Defendants cite to the NLRB's abandonment of the conversion theory and the presumption of a continuing obligation to terms of a contract after its expiration. In the Court's Memorandum and Order filed in this case on April 30, 1986, the court cited to the decision in *Hageman Underground Construction,* 253 N.L.R.B. 7, 105 L.R.R.M. 1385, 1387 (1978), for its ruling that once majority status is maintained it is presumed for the duration of the agreement. Slip op. at 19. The court also found that a presumption of majority status carried over from the 1977–82 agreement to the 1982–87 agreement, including

the period of July, 1982 to December, 1982, when no contract existed.

■ In *Deklewa,* the NLRB found that under its new interpretation, "upon the contract's expiration, the signatory union will enjoy no majority presumption...." Slip op. at 32. The court found that under the facts presented in *Deklewa,* that after the contract in issue expired, the union enjoyed no continuing presumption of majority status and the defendant was not compelled to negotiate or adopt a successor agreement based on the existence of a section 8(f) relationship. Slip op. at 42–43. Based on this recent ruling in *Deklewa,* the Court finds that it must modify its Memorandum and Order filed on April 30, 1986, to reflect this new interpretation by the NLRB. The Court therefore modifies its Memorandum and Order of April 30, 1986, to reflect that defendants are not liable to the plaintiffs for contributions during the period of July 8, 1982 through December 14, 1982. The court finds that no majority status should be presumed and there was no obligation on the part of the defendants to adopt a successor agreement after the 1979–82 agreement expired. The court therefore finds that the auditor's determination in the amount of $13,020 for this period should be disallowed.

DECEMBER 14, 1982 THROUGH NOVEMBER 4, 1983

■ This period encompasses the date on which the 1982–87 agreement was signed until the date of repudiation. In its Memorandum and Order, the Court found that the defendants' contention of coercion did not act as a defense to the enforceability of the 1982–87 agreement. Defendants again state that coercion by the union may relieve defendants of its liability to make contributions during this period. The defendants contend that the issue of coercion is not appropriate for summary judgment. More importantly, the defendants state that the Administrative Law Judge (ALJ) found that it was likely that coercion was used by the union to force the plaintiffs to enter into the 1982–87 agreement. The defendants further represent that the issue of whether Viola Industries voluntarily entered into the pre-hire agreement is pending before the NLRB at this time.

In response, plaintiffs argue that the defendants never raised the issue of coercion before the ALJ or on appeal to the NLRB; thus, it is unlikely that the NLRB will raise this issue sua sponte. The plaintiffs further state that the ALJ not only did not find that there was coercion, but ruled that "[t]he respondents do not argue on brief that this pressure invalidates the agreement, evidently in recognition of the settled Board doctrine that such a defense is barred by section 10(b)." *Viola Industries–Elevator Division, Inc.,* Case No. 5–CA–15990, slip op. at 21 n. 35 (N.L.R.B., *unpublished,* Mar. 27, 1985). The court finds no support for the defendants' contention that this court should not rule on the contributions due, if any, for this period of time. The defendants' defense of coercion does not have support in the facts or the law. The court therefore finds that defendants should be liable to the plaintiffs for contributions during this period of time. After reviewing the documents submitted by the parties, the court cannot ascertain the amount due for this period of time. The court does find, however, that the auditor's report should be followed, and defendants should be liable to the plaintiffs for contributions in the amount specified by the auditor's report.

NOVEMBER 4, 1983 TO THE PRESENT TIME

Defendants contend that an interpretation of § 8(a)(5) is necessary before a contribution amount can be determined. Defendants argue that whether the NLRB would impose liability under § 8(a)(5), if it is found that the defendants did not voluntarily enter into the 1982–87 agreement, has not been determined by the NLRB. Defendants request that the court defer ruling until the NLRB has decided this issue.

The plaintiffs oppose the defendants' request that the court defer ruling until the NLRB renders a decision. The plaintiffs cite to the *Deklewa* decision for its holding that once a pre-hire agreement is entered

into, it is not subject to unilateral repudiation by either party. Thus, plaintiffs contend that the collective bargaining agreement remains *in force* to date.

The court must agree with the plaintiffs. The court's reading of the decision in *Deklewa* convinces it that the defendant did not have the right to unilaterally repudiate the 1982–87 agreement, even though majority status was not obtained after the signing of the agreement. In *Deklewa,* the NLRB stated that its decision obligated an 8(f) employer, through the application of § 8(a)(5)–8(f) agreements, to prohibit the unilateral repudiation of an 8(f) agreement until it expired or until that employer's unit employees voted to reject or change their representative. *Deklewa,* slip op. at 35. Based on *Deklewa,* when parties enter into an 8(f) agreement, they are required, by virtue of § 8(a)(5) and § 8(b)(3), to comply with the agreement unless the employees vote, in a Board-conducted election, to reject or change their bargaining representative. The NLRB held that neither employers nor unions who are parties to these agreements would be free to unilaterally repudiate such agreements. Slip op. at 30.

Based on the decision in *Deklewa,* and the court's earlier ruling in its Memorandum and Order dated April 30, 1986, the court finds that the defendants are liable to the plaintiffs for contributions during the time period of November 4, 1983 through the present time. Again, the court is uncertain of the exact amount due for this period of time. The court directs the plaintiffs to submit to the court a final journal entry of judgment reflecting the court's ruling.

The plaintiffs have also filed a motion requesting that the court issue an order to show cause to the defendants why they have failed to submit monthly contribution reports. Based on the court's ruling today, the court finds that the substance of the plaintiffs' motion should be granted. The court orders the defendants to submit monthly reporting forms to the plaintiffs, along with monthly contributions based on the hours worked by its covered employees.

IT IS BY THE COURT THEREFORE ORDERED that the court will reconsider its Memorandum and Order filed on April 30, 1986, based on the recent ruling of the National Labor Relations Board in *Deklewa and International Association of Bridge, Structural and Ornamental Ironworkers, Local 3, AFL–CIO,* Case 6–CA–16819 (N.L.R.B., *unpublished,* Feb. 20, 1987). The Memorandum and Order of April 30, 1986, is modified to reflect the court's ruling today.

IT IS FURTHER ORDERED that plaintiffs' motion for an order to show cause be issued to the defendants is hereby denied as moot.

IT IS FURTHER ORDERED that the defendants are liable to the plaintiffs for contributions from the time period of July 18, 1979 through July 8, 1982, in the amount of $4,748.89.

IT IS FURTHER ORDERED that defendants are not liable to the plaintiffs for contributions during the time period July 8, 1982 through December 14, 1982.

IT IS FURTHER ORDERED that defendants shall be liable to the plaintiffs for contributions for the period of time from December 14, 1982 through the present time. Plaintiffs are directed to submit a final journal entry reflecting the Court's ruling in this Memorandum and Order, specifying the amounts due for the period of time from December 14, 1982 through the present, as well as the $4,748.89 due for the period July 18, 1979 through July 8, 1982. Defendants are further directed to submit to the plaintiffs monthly reporting forms and make the corresponding contributions to the plaintiffs as they become due.